IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MAURICE GERELL BROUGHTON, #276164, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:19-CV-780-RAH |
| ANTHONY L. MURPHY, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

On January 25, 2023, the Magistrate Judge entered a recommendation (Doc. 51) to deny the Motion for Summary Judgment on the Plaintiff's claim of excessive force in his individual capacity and to dismiss the remaining claims. (Doc. 51.) On February 8, 2023, Defendant Anthony L. Murphy filed an objection (Doc. 52) in part to the Magistrate Judge's recommendation. Specifically, the Defendant objects to the Magistrate Judge's notation that Murphy's affidavits and the incident report included some inconsistencies. (*See* Doc. 51 at 16, n. 9 ("While a determination on the excessive force issues does not turn on Defendant's location in the dorm, the Court considers these inconsistencies in evaluating the evidentiary submissions."). He argues that that the statements "are not necessarily inconsistent" when read together and "appear to be compatible." (Doc. 52 at 2.)

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The district court

"may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

The Court has conducted an independent and de novo review of those portions of the Recommendation to which objection is made. It is clear any noted inconsistencies between the affidavits and prison documents did not form the basis of the Magistrate Judge's decision to deny summary judgment on the excessive force claim. Upon this Court's review and consideration of the arguments set forth in the Objections, the Court agrees with the Magistrate Judge's findings and analysis.

Accordingly, it is ORDERED as follows:

(1) The Recommendation (Doc. 51) is ADOPTED;

(2) Defendant's Motion for Summary Judgment (Doc. 19) on Plaintiff's claims for monetary damages in his official capacity be GRANTED and these claims be DISMISSED with prejudice;

(3) Defendant's Motion for Summary Judgment on Plaintiff's claim of excessive force in his individual capacity be DENIED;

(4) Defendant's Motion for Summary Judgment on Plaintiff's claim of deliberate indifference be GRANTED and this claim be DISMISSED with prejudice;

(5) This case be referred to a Magistrate Judge of this Court for mediation; and

(6) This case be set for a bench trial on Plaintiff's excessive for claim against the Defendant in his individual capacity.

DONE, on this the 24th day of February, 2023.

                                           /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE